IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOYCE MITCHELL, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:20-CV-1788-M-BH |
| ) | |
| JOHN DOE, ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Motion*, filed November 2, 2020 (doc. 12). Based on the relevant filings and applicable law, the motion should be **DENIED**, and the case should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

### I.  BACKGROUND

On July 7, 2020, a letter specifically addressed to a district judge was received from Joyce Mitchell (Plaintiff); it sought to have all negative information removed from her credit report because of a premeditated plot by her co-workers. (*See* doc. 3 at 1.) The letter referenced the kidnaping and murder of Plaintiff's mother, the beating of her son by the Fort Worth Police Department, and the looting and burning of a residence in Fort Worth. (*Id.* at 1.) It also sought funding (at least $150,000) from the Mayor of Fort Worth, and made the following claims: she was homeless because of the federal and state governments; current and former Fort Worth mayors and City Council members had purposefully sent her son's girlfriend to spread the COVID-19 virus to Plaintiff and her sister because they wanted them dead; they had been stealing Plaintiff's funds for fraudulent taxes and had cashed in her life insurance policy from the IRS; they had her mother, granny, dad and cousin killed for the inheritance; Walmart employees were involved; and a house

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

she paid for had been torn down. (*Id.* at 2-6.) It also appeared to allege that Plaintiff was wrongfully terminated from the IRS. (*Id.* at 3-4.) A second letter, received on July 8, 2020, also referenced Plaintiff's prior employment with the IRS, the kidnaping and murder of her mother, a COVID-19-infected woman who had been sent into Walmart (where Plaintiff worked) by city officials, the burning of her house (which had been plotted by her former boss at the IRS), and her need for $150,000. (*See* doc. 5.) Additional correspondence alleged that her involvement in a car accident was actually an attempt on her life and that she had actually died before; it also repeated some of her prior allegations about city officials and made additional allegations. (*See* docs. 6, 8.)

By notice dated July 8, 2020, Plaintiff was notified that to the extent she had intended to file a lawsuit, she had not paid the filing fee or sought leave to proceed *in forma pauperis* (IFP). (*See* doc. 4.) She ultimately sought and was granted IFP status, and she was sent a magistrate judge's questionnaire (MJQ) to obtain more information about her claims. (*See* docs. 7, 9, 10.) Plaintiff subsequently submitted multiple lengthy answers and a "motion." (*See* docs. 11-19.) Her rambling handwritten answers, which name numerous individuals and entities who allegedly helped or were involved in the city officials' actions as defendants, are largely incoherent and repeat or expand on her allegations of wrongdoing by city officials and IRS employees. (*See id*.) Included are photographs of people, houses, and vehicles. (*See* doc. 11.) Her "motion" asks the presiding judge to "file a conjunction to the new owners of" one of the residences that she seeks, and it also includes a list of the people who were allegedly murdered in order to send Plaintiff a warning. (*See* doc. 12 at 8.) No process has been issued.

## II.  PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, her complaint

2

is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and quotations omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's claims that elected officials had her family members and others murdered, purposefully sent someone to infect her with COVID-19 in order to kill her, burned her home, and stole her funds for fraudulent taxes and cashed in her life insurance policy from the IRS lack, an arguable basis in fact because they are based on a fantastical or delusional scenario. *See Melton v. Am. Civil Liberties Union*, No. 3-07-CV-0856-M, 2007 WL 2263953, at *1 (N.D. Tex. July 30, 2007) (finding claims that the ACLU was "seeking to impose minority rule through the courts, attacking the Boy Scouts of America, defending child molesters, and promoting

3

legislation to have private property rights revoked" were frivolous and warranted dismissal under § 1915(e)(2)). Her complaint should therefore be dismissed as frivolous. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *Simmons v. Payne*, 170 F. App'x 906, 907-08 (5th Cir. 2006) (district court did not abuse its discretion by finding that the assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional).

### III.  RECOMMENDATION

Plaintiff's motion should be **DENIED**, and her complaint should be **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**, this 3rd day of May, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5