IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOYCE MITCHELL,<br>　　　　Plaintiff, | )<br>) |
| vs. | ) No. 3:20-CV-1788-M-BH<br>) |
| JOHN DOE,<br>　　　　Defendant. | )<br>)<br>) Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the correspondence filed May 18, 2023 (doc. 23), should be liberally construed as a motion to reopen this case and it should be **DENIED**.

### I.  BACKGROUND

On July 7, 2020, a letter specifically addressed to a district judge was received from Joyce Mitchell (Plaintiff); it sought to have all negative information removed from her credit report because of a premeditated plot by her co-workers. (*See* doc. 3 at 1.)  The letter referenced the kidnaping and murder of her mother, the beating of her son by the Fort Worth Police Department, and the looting and burning of a residence in Fort Worth. (*Id.* at 1.)  It also sought funding (at least $150,000) from the Mayor of Fort Worth, and made the following claims:  she was homeless because of the federal and state governments; current and former Fort Worth mayors and City Council members had purposefully sent her son's girlfriend to spread the COVID-19 virus to Plaintiff and her sister because they wanted them dead; they had been stealing Plaintiff's funds for fraudulent taxes and had cashed in her life insurance policy from the IRS; they had her mother, granny, dad and cousin killed for the inheritance; Walmart employees were involved; and a house she paid for had been torn down. (*Id.* at 2-6.)  It also appeared to allege that Plaintiff was wrongfully

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

terminated from the IRS.  (*Id.* at 3-4.)  A second letter, received on July 8, 2020, also referenced Plaintiff's prior employment with the IRS, the kidnaping and murder of her mother, a COVID-19-infected woman who had been sent into Walmart (where Plaintiff worked) by city officials, the burning of her house (which had been plotted by her former boss at the IRS), and her need for $150,000.  (*See* doc. 5.)  Additional correspondence alleged that her involvement in a car accident was actually an attempt on her life and that she had actually died before; it also repeated some of her prior allegations about city officials and made additional allegations.  (*See* docs. 6, 8.)

By notice dated July 8, 2020, Plaintiff was notified that to the extent she had intended to file a lawsuit, she had not paid the filing fee or sought leave to proceed *in forma pauperis* (IFP).  (*See* doc. 4.)  She ultimately sought and was granted IFP status, and she was sent a magistrate judge's questionnaire (MJQ) to obtain more information about her claims.  (*See* docs. 7, 9, 10.)  Plaintiff subsequently submitted multiple lengthy answers and a "motion." (*See* docs. 11-19.)  Her rambling handwritten answers, which named numerous individuals and entities who allegedly helped or were involved in the city officials' actions as defendants, were largely incoherent and repeated or expanded on her allegations of wrongdoing by city officials and IRS employees. (*See id*.)  Her "motion" asked the presiding judge to "file a conjunction to the new owners of" one of the residences that she seeks, and it also included a list of the people who were allegedly murdered in order to send Plaintiff a warning.  (*See* doc. 12 at 8.)  On June 7, 2021, a recommendation that Plaintiff's case be dismissed as frivolous was accepted, and by judgment was entered on that date, the case was dismissed.  (*See* docs. 20, 21, 22.)

On May 18, 2023, correspondence addressed to the presiding judge was again received from Plaintiff.  (*See* doc. 23.)  It requests the case number for Plaintiff's case and again references

2

misconduct by IRS employees, real estate fraud, the murder of her mother, the burning of her house, staged car accidents that were intended to kill her, and wrongdoing by city officials, and it alleges that the assigned magistrate judge's family is stealing her livelihood and mail. (*See id.*)

## II.  RULE 60(b)

Plaintiff's request to reopen this case may be liberally construed as a motion seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that upon such a motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1). Plaintiff's filing, received almost two years after judgment was entered in this case, does not allege any of the basis for relief set out in the first five paragraphs of Rule 60(b). It may therefore be construed as arising under the sixth paragraph, the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*,

3

508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.  *Id.* at 402.

Plaintiff's filing largely repeats the allegations in her prior filings that have already been found fantastical or delusional and which led to the dismissal of her case as frivolous.  It has not alleged extraordinary circumstances such that denial of her request to reopen her case would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 Fed.App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions).  Nor would granting her motion be consistent with the considerations listed in *Seven Elves*.

### III. RECOMMENDATION

Plaintiff's correspondence should be liberally construed as a motion to reopen her case and **DENIED**.

**SO RECOMMENDED**, this 22nd day of May, 2023.

                                                 IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                 IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE